FILED

APR 0 7 2022

PATRICK KEANEY
Clerk. U.S District Court

By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

JIMMY NOEL ARMSTRONG JR.,

    *Defendant.*

Case No.   22-CR-30-JFH

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the Acting United States Attorney for the Eastern District of Oklahoma, the Acting Chief of the Human Rights and Special Prosecutions Section for the Department of Justice, Criminal Division, and the above-captioned defendant.

### I. THE PLEA

#### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
| --- | --- | --- |
| ONE | ASSAULT WITH A DANGEROUS WEAPON WITH INTENT TO DO BODILY HARM IN INDIAN COUNTRY | 18 U.S.C. § 113(a)(3), 1151, 1153, 2 and §3 |

as set forth in the Information. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information.

Defendant Initials _JA_          Page **1** of **14**

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for COUNT ONE – ASSAULT WITH A DANGEROUS WEAPON WITH INTENT TO COMMIT BODILY INJURY IN INDIAN COUNTRY in violation of 18 U.S.C. §§ 113(a)(3), 1151, 1153, and 2 is imprisonment for ten (10) years and/or a fine of $250,000.00, a term of supervised release not more than three (3) years, and a special assessment in the amount of $100.00.

The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Indictment if the defendant is entering a plea to an Information herein.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

> In May 2015, Defendant was an enrolled member of the Seminole Nation. On or about May 28, 2015, Defendant received a text from a member of the Indian Brotherhood, instructing him to drive his son Matthew Armstrong and John Knight to a location near Matthew Armstrong's mother's house, which was located between Konawa and Maud within the boundaries of the Seminole Nation. Defendant knew that John Knight and Matthew Armstrong were going to conduct a mission for the Indian Brotherhood. On May 30, 2015, John Knight and Matthew Armstrong loaded a bag containing firearms into the back of Defendant's car. John Knight and Matthew Armstrong were wearing black clothing, and John Knight was

Defendant Initials _/s/_

Page 2 of 14

wearing a black stocking cap. Defendant asked what they were going to do, and they responded they were going to scare, beat and pistol whip a guy. Defendant assisted them by driving them to the location, which was between Konawa and Maud. Defendant parked the vehicle, and John Knight and Matthew Armstrong got out and retrieved the guns from the back of the Defendant's car. Defendant observed that Matthew Armstrong had a SKS rifle and John Knight had a pistol. After Defendant dropped them off, Defendant drove around for approximately two hours, waiting for Matthew Armstrong and John Knight to call. Approximately two hours later, Matthew Armstrong called Defendant using John Knight's phone. Defendant drove to a location near Maud and picked up John Knight and Matthew Armstrong. John Knight and Matthew Armstrong no longer had the firearms and said they had buried them. Matthew Armstrong said two dogs had come out of the victim's residence, and he had fired his gun at the dogs. John Knight said he went into the residence and shot the victim in the head. Defendant drove John Knight and Matthew Armstrong to John Knight's mother's house in Seminole to prevent them being apprehended by law enforcement.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section agree to not bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to this agreement. Should the Court choose to reject this agreement, the defendant understands the Court is not bound by this agreement

Defendant Initials _____  Page 3 of 14

nor any recommendations contained herein. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest, or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state, or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF STATUTE OF LIMITATIONS

The defendant waives and agrees to waive any statute of limitations defense to the charge to which the defendant has agreed to plead guilty.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

Defendant Initials _____   Page 4 of 14

    a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

    b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

    c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *United States v. Booker*, 125 S.Ct. 738 (2005);

    d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

    e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

    f.    the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

    g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF DEPARTURE AND VARIANCE RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

    a.    the defendant waives the right to request, recommend, or file a departure motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

    b.    the defendant waives the right to request, recommend, or file a variance motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial,

Defendant Initials     Page 5 of 14

sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

JIMMY NOEL ARMSTRONG, JR.

4/7/22
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore defendant's trial rights. The defendant further understands, if the defendant's trial rights are restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

   a. the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);
   b. the United States will be free to make any recommendations to the Court regarding sentencing in this case;
   c. any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

Defendant Initials    Page **6** of **14**

      d.      the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

### CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

    a.    The right to be reasonably protected from the accused.
    b.    The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
    c.    The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
    d.    The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different than those of the parties to this agreement.
    e.    The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States.
    f.    The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury, or death.
    g.    The right to proceedings free from unreasonable delay.
    h.    The right to be treated with fairness and with respect for the victim's dignity and privacy.

Defendant Initials     Page 7 of 14

The definition of a crime victim under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character, and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATION(S)

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States will move that the defendant receive a third-point reduction in the

Defendant Initials _____ Page **8** of **14**

defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

## VII. FINANCIAL OBLIGATIONS

### FINANCIAL DISCLOSURES

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Declaration of Defendant Net Worth & Cash Flow Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Declaration of Defendant Net Worth & Cash Flow Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office and the Human Rights and Special Prosecutions Section to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases requested by the United States Attorney's Office and the Human Rights and Special Prosecutions Section to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office and the

Defendant Initials _____   Page **9** of **14**

Human Rights and Special Prosecutions Section to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually, or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, or corporations.

## RESTITUTION INVOLVING OFFENSE OF CONVICTION

The defendant agrees to make full restitution in an amount to be determined by the Court and in full accordance with a schedule to be determined by the Court. Even if the defendant does not agree to full restitution, the defendant also understand that restitution for the full loss caused by the defendant's conduct may be imposed by the Court and, if so imposed, shall be a condition of any probation or term of supervised release that the defendant receives.

The defendant understands that if the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay.

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, the defendant acknowledges

Defendant Initials    Page **10** of **14**

and agrees the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine or restitution order is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately of any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

## VIII. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

Defendant Initials   Page **11** of 14

## COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section and the defendant in this case and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section, and the defendant. This written agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma and the Human Rights and Special Prosecutions Section for the Department of Justice, Criminal Division until this agreement is signed by the defendant, defense counsel and the Acting United States Attorney and the Acting Chief of the Human Rights and Special Prosecutions Section or their authorized representatives.

## ACKNOWLEDGMENTS

Defendant Initials _____     Page **12** of **14**

I have read this agreement and carefully reviewed every part of it with my attorneys. I make this agreement of my own free will, and I am competent to enter into this agreement, with full knowledge and understanding of the agreement and with the advice and assistance of my counsel, Frank O'Reilly. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. My plea of guilty is not the result of any threats or of any promises beyond the provisions of the agreement. I am satisfied with the legal services provided by my attorney, Frank O'Reilly, and I have had a full opportunity to consult with my attorney concerning this agreement, the applicability and impact of the Sentencing Guidelines and the potential terms and conditions of supervised release. I am not under the influence of anything that could impede my ability to fully understand this plea agreement.

_2-5-22_
Date

JIMMY NOEL ARMSTRONG, JR.
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one. The defendant is competent to enter into this agreement, with full knowledge and understanding of the agreement. The defendant is not under the influence of anything that could impede his ability to fully understand this plea agreement.

_2/5/22_
Date

FRANK O'REILLY, Bar No. _CT17505_
Counsel for Defendant
41 Unquowa Place
Fairfield, CT 06824
(203) 319-0707

Defendant Initials

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma and the Assistant Attorney General for the Criminal Division at the United States Department of Justice, the United States accepts this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
Interim United States Attorney

2/10/22
Date

*[signature]*

Shannon L. Henson
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)

KENNETH A. POLITE, JR.
ASSISTANT ATTORNEY GENERAL
Criminal Division, Department of Justice

04/05/2022
Date

*[signature]*

BRIAN MORGAN
Trial Attorney
Human Rights & Special Prosecutions Section
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-3717
Brian.Morgan@usdoj.gov

Defendant Initials *[initials]*    Page **14 of 14**